IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00092-RJC
(3:12-cr-00172-RJC-1)

| | |
|---|---|
| CLIFTON NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, his alternative claims for relief, and the Government's Response in Opposition. (Doc. No. 8).[1]

I. BACKGROUND

On May 5, 2012, Petitioner was indicted in this district on one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) (Count 1); one count of possession of a firearm during and in relation to the drug trafficking crime charged in Count 1, in violation of 18 U.S.C. § 914(c) (Count 2); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (Criminal Case No. 3:12-cr-00172, Doc. No. 1: Bill of Indictment).

On October 5, 2012, Petitioner retained counsel and entered into a plea agreement with the Government in which he agreed to plead guilty to Counts 1 and 3 in exchange for the

---

[1] Petitioner pled alternative claims for relief pursuant to 28 U.S.C. § 2241, and through petitions for a writ of *coram nobis* or *audita querela*.

Government's agreement to dismiss Count 2. The agreement further provided that Petitioner was waiving his right to contest his conviction or sentence on direct appeal or through a collateral proceeding except through claims of prosecutorial misconduct or ineffective assistance of counsel. (Id., Doc. No. 20: Plea Agreement). Petitioner appeared with counsel before the magistrate judge for his Plea and Rule 11 hearing and he was placed under oath. The court explained that Petitioner faced a maximum term of 20-years in prison if convicted on Count 1 and a maximum term of 10-years in prison if convicted on Count 2. Petitioner was also carefully examined regarding his decision to waive his right to collaterally attack his sentence and Petitioner averred that he understood the implications of such a waiver and agreed with the terms of his plea agreement. Petitioner's guilty plea was accepted after the court found that it was knowing and voluntary.

In Petitioner's Presentence Report ("PSR"), the probation officer found that Petitioner qualified as a career offender pursuant to § 4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") based on prior North Carolina state convictions for assault with a deadly weapon and possession with intent to sell or deliver cocaine. (Id., Doc. No. 25: PSR ¶ 26).[2] Although Petitioner's criminal history qualified him as a Level V based on 10 prior record points, his designation as a career offender raised him to a Level VI criminal history category and with a total offense level of 29 his Guideline range was 151 to 188-months' imprisonment.

Prior to sentencing, Petitioner filed an objection to his career offender designation contending that his conviction for possession with intent to sell or deliver cocaine could not serve as a predicate conviction because he did not face more than one year in prison under North

---

[2] Petitioner was sentenced to a term of 25-39 months on the assault conviction and a term of 10-12 months in prison on the drug conviction. (Id. ¶¶ 43, 47).

Carolina law. (Id., Doc. No. 15). The Court rejected Petitioner's challenge to his designation as a career offender after finding that even in the absence of such a designation, Petitioner's criminal history was sufficiently serious and created a high likelihood of recidivism therefore the Court would have departed from a Level V to a Level VI in any event. Petitioner was sentenced to a term of 150 months on Count 1 and a concurrent term of 120 months on Count 3 and he did not appeal. (Id., Doc. No. 29: Judgment; Doc. No. 30: Statement of Reasons).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255 relief

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

As he did at sentencing, Petitioner contends that his conviction for possession with intent

to sell or deliver cocaine exposed him to a sentence of no more than twelve months, therefore it should not serve as a predicate offense to support his status as a career offender. (3:15-cv-00092, Doc. No. 2: Motion to Vacate at 1).[3] Among other authority, Petitioner cites the Fourth Circuit's *en banc* decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011).[4] The Government responds to Petitioner's claim for sentencing relief by asserting that Petitioner waived his right to collaterally challenge his sentence in his plea agreement and argues that this proceeding should be dismissed. (<u>Id.</u>, Doc. No. 8: Government's Response at 3).[5]

As the Government notes in pleading the defense of waiver, it is well-settled that a defendant may waive his right to collaterally attack his sentence "so long as the waiver is knowing and voluntary." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). In the present case, Petitioner's challenge to his career offender designation falls squarely within the scope of the waiver contained in his plea agreement, and as this Court concluded at the outset of Petitioner's sentencing hearing, his decision to enter into the plea agreement and plead guilty was knowing and voluntary and there is no evidence in the record before the Court that this conclusion should be called into question.

Moreover, the Court notes that in a decision filed after Petitioner filed his § 2255 Motion,

---

[3] Petitioner filed a *pro se* § 2255 motion which he later agreed to withdraw and his counsel filed the § 2255 motion that is presently under consideration.

[4] In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted).

[5] Petitioner was granted until August 21, 2015, in order to file a reply to the Government's response, however as of August 27, 2015, no reply has been filed nor has Petitioner sought an extension of time in which to file a reply. (<u>Id.</u>, Doc. No. 10: Order).

the Fourth Circuit issued an opinion in which it held that a petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice," and therefore collateral relief was not available for such a claim. United States v. Foote, 784 F.3d 931, 940 (4th Cir.), cert. denied, 135 S. Ct. 2850 (June 15, 2015).

For the foregoing reasons, the Court finds that Petitioner's § 2255 Motion should be denied and dismissed.

B.   Section 2241

A petitioner may seek relief under § 2241 in an effort to challenge his conviction or sentence but only if the petitioner can demonstrate that a remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34. See also United States v. Surratt, ___ F.3d ___, 2015 U.S. App. LEXIS 13379, 2015 WL 4591677 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid state conviction).

For these reasons, Petitioner's § 2241 petition will be denied.

C.   *Coram Nobis* and *Audita Querela*

Finally, Petitioner seeks relief through a writ of error *coram nobis* or a writ of *audita*

5

*querela*. However, *coram nobis* relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate'" (quoting United States v. Smith, 331 U.S. 475 n.4 (1947))). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable.

Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, Petitioner's claim does not fall within such a gap.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner is not entitled to relief and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Petitioner's alternative claims for relief are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 31, 2015

Robert J. Conrad, Jr.
United States District Judge